BEER, Judge,
dissenting.
On May 4, 1979, we amended and, thereafter, affirmed the district court’s award in this case, observing, in support of our opinion, that the award for general damages was so excessive as to constitute a clear abuse of discretion. Following the Supreme Court’s guidelines (Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), we limited our modification in order to decrease the award only to an amount “that is the maximum which would not have constituted such an abuse. . . .”
On September 28, 1979, with the Chief Justice and Justices Marcus and Blanche dissenting, the Supreme Court remanded this matter to us “to reconsider (our) reduction of the award in the light of Reck v. Stevens, 373 So.2d 498 (La.1979).” This I have done, carefully considering the straightforward attack which the Supreme Court opinion leveled against my opinion in that case. Accepting, as I must, the correctness of the Supreme Court’s position in Reck, supra, I still find no basis, within the four corners of that opinion, to support or suggest any basis for changing our award in this case.
Here, in performance of our constitutionally-mandated function, we concluded that the award was manifestly excessive, manifestly erroneous and unsupportable on the record. Indeed, our consensus view was that the award should be no more than $5,000, but,.applying the Coco rationale, we concluded that double what we felt to be a conscionable award would, giving every possible benefit of every reasonable doubt to Rogers, bring the matter within the Coco guidelines which we have tried and are still trying to follow.
Thus, my reconsideration of the reduction “in the light of Reck v. Stevens” results in a determination that the amount set in our opinion of May 4, 1979, is valid and correct and follows the Supreme Court’s mandate announced in Coco. I would, therefore, respectfully reaffirm our opinion of that date and must dissent from increasing same.